IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| LORENZO ANTONIO JARAMILLO-JARAMILLO, §<br>§<br>§<br>*Petitioner*, §<br>§<br>v. §<br>§<br>ALEXANDER SANCHEZ, in his official §<br>capacity as Warden of the IAH Secure Adult §<br>Detention Facility; BRET BRADFORD, in his §<br>official capacity as Field Office Director of ICE §<br>Enforcement and Removal Operations Houston §<br>Field Office; KRISTI NOEM, in her official §<br>capacity as Secretary of the Department of §<br>Homeland Security; and PAMELA J. BONDI, §<br>in her official capacity as Attorney General of §<br>the United States, §<br>§<br>*Respondents*. | CIVIL ACTION NO. 9:25-CV-00322<br>JUDGE MICHAEL J. TRUNCALE |

## ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND INJUNCTIVE RELIEF

Before the Court is Petitioner Lorenzo Antonio Jaramillo-Jaramillo's Motion for Temporary Restraining Order and Injunctive Relief (the Motion) [Dkt. 2]. For the following reasons, the Motion is **DENIED**.

### I. BACKGROUND

Petitioner Lorenzo Antonio Jaramillo-Jaramillo (Jaramillo) is a Mexican national who entered the United States unlawfully[1] in 2005 and has resided here ever since. *Id.* at 2. On June 24, 2025, United States Immigration and Customs Enforcement (ICE) took Jaramillo into custody and initiated removal proceedings against him. *Id.* Jaramillo claims that, at some unknown time following his arrest, an immigration judge ordered him released on bond. However, according to Jaramillo, ICE refused to

---

[1] Jaramillo admits to entering the United States "without inspection" by immigration authorities. [Dkt. 2 at 2]. This constitutes a violation of 8 U.S.C. § 1325(a).

1

accept his bond payment and continued to hold him in violation of the immigration judge's order. On December 3, 2025, Gomez brought this habeas action, claiming that his detention without a bond hearing violates the Fifth Amendment to the United States Constitution. *See* [Dkt. 2 at 9–10]. That same day, Gomez filed this Motion for a temporary restraining order requiring ICE to release him immediately. *See* [Dkt. 2 at 13].

## II. LEGAL STANDARD

### A. Temporary Restraining Order

#### 1. Substantive Requirements

The general purpose of a temporary restraining order is to preserve the status quo and prevent irreparable harm until the court makes a final decision on injunctive relief. *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974). Temporary restraining orders are "a highly accelerated and temporary form of preliminary injunctive relief." *Lee v. Verizon Commc'ns, Inc.*, No. 3:12–CV–4834–D, 2012 WL 6089041, at *1 n.2 (N.D. Tex. Dec. 7, 2012). As such, the party moving for a temporary restraining order must satisfy the same four requirements as a party requesting a regular preliminary injunction. *Bowling v. Dahlheimer*, No. 4:18-CV-00610-ALM-CAN, 2018 WL 6582826, at *1 (E.D. Tex. Oct. 3, 2018).

First, the moving party must demonstrate a substantial likelihood of success on the merits. *Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir. 2009). Second, the moving party must demonstrate a substantial risk of suffering irreparable harm for which there is no adequate legal remedy. *Id.*; *Janvey v. Alguire*, 647 F.3d 585, 600 (5th Cir. 2011) ("[H]arm is irreparable where there is no adequate remedy at law, such as money damages."). Third, the threatened harm to the moving party must outweigh the injury that a temporary restraining order would inflict upon the opposing party. *Anderson*, 556 F.3d at 360. Finally, the requested temporary restraining order must not disserve the public interest. *Id.*

## III. DISCUSSION

### A. Substantial Likelihood of Success on the Merits

To assess likelihood of success on the merits, courts look to "standards provided by the substantive law." *Roho, Inc. v. Marquis*, 902 F.2d 356, 358 (5th Cir. 1990). The moving party must present a prima facie case but does not need to prove his entitlement to summary judgment. *See Byrum v. Landreth*, 566 F.3d 442, 446 (5th Cir. 2009). To demonstrate a substantial likelihood of succeeding on the merits of his habeas petition, Jaramillo must therefore present prima facie proof that his detention violates federal law. *See id.*; 28 U.S.C. § 2241(c)(3).

Jaramillo's claim that ICE has continued to detain him in defiance of an immigration judge's order is troubling. If Jaramillo's allegations are true, his continued detention may well violate federal law. Immigration judges "act as the Attorney General's delegates in the cases that come before them," and their decisions are binding on the parties. *See* 8 C.F.R. § 1003.10(a); 8 U.S.C. § 1103(a)(1) ("determination and ruling by the Attorney General with respect to all questions of law shall be controlling."). As such, continued detention of an alien in violation of an immigration judge's bond determination could amount to detention in violation of federal law. *See* 8 U.S.C. § 1103(a)(1); § 1226(a)(2) (giving the Attorney General discretion to release aliens on bond).

While Jaramillo may have sufficiently pled that his detention violates federal law, he has not presented enough evidence to demonstrate a substantial likelihood of prevailing on the merits of his habeas petition. *See Byrum*, 566 F.3d at 446. Notably, Jaramillo did not submit a copy of the immigration judge's order compelling his release, or any other materials corroborating that a bond hearing took place. *See* [Dkt. 1-1 at 4–10]. Jaramillo's strongest piece of evidence is a screen capture from ICE's website showing that he submitted a "bond payment request" on November 27, 2025. *Id.* at 4. The screen capture further shows that ICE denied Jaramillo's request on November 28, 2025, on the premise that Jaramillo was ineligible for release on bond. *Id.* Neither ICE's webpage nor Jaramillo's

3

case-status page on the Executive Office for Immigration Review website mentions a bond determination or an order calling for Jaramillo's release. *See id.* at 4, 8–10.

The Court finds it doubtful that the current record would allow Jaramillo to succeed on the merits of his habeas petition. At this point, Jaramillo has offered no evidence corroborating his claims that an immigration judge ordered him released on bond. *See* [Dkt. 1-1 at 4–10]. This Court will not order the release of an alien detainee based solely on his unsubstantiated allegations. A temporary restraining order, especially under these circumstances, requires a much greater showing. *See Byrum*, 566 F.3d at 446. Because Jaramillo has not demonstrated a substantial likelihood of success on the merits, he is not entitled to a temporary restraining order. *See Anderson*, 556 F.3d at 360.

### IV. CONCLUSION

It is therefore **ORDERED** that Jaramillo's Motion for a Temporary Restraining Order [Dkt. 2] is hereby **DENIED**.

**SIGNED this 4th day of December, 2025.**

Michael J. Truncale
United States District Judge